IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br>v.<br><br>MARCO POLO ITALIAN ICE CREAM INC.; and NHAN NGUYEN DAO, D.D.S., INC.,<br><br>Defendants. | **Case No.** 26-cv-08792<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; and HEALTH & SAFETY CODE §§ 19953 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 U.S.C. §§ 12181 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAMES ALGER ("Plaintiff"), by and through his attorneys, alleges against Defendants MARCO POLO ITALIAN ICE CREAM INC.; and NHAN NGUYEN DAO, D.D.S., INC. (collectively, "Defendants") as follows:

**INTRODUCTION**

1. This action concerns the continued failure to provide wheelchair and mobility scooter accessible dining surfaces at Marco Polo Italian Ice Cream, located at 999 Story Road, Unit 9072, San Jose, California 95122 ("Marco Polo" or the "Subject Facility").

2. Marco Polo is a food-service establishment open to the public. Customers who do not have mobility disabilities are able to purchase food and use the tables supplied for customer dining. The tables during Plaintiff's visit, however, prevented him, as a wheelchair and mobility-scooter user, from positioning himself beneath the dining surface so that he can comfortably dine.

3. The condition is particularly significant because Marco Polo Italian Ice Cream Inc. was previously sued in this District over the accessibility of its dining surfaces. In *Johnson v. Marco Polo Italian Ice Cream Inc.,* Case No. 5:21-cv-01824-SVK (N.D. Cal.), the plaintiff alleged that Marco Polo failed to provide wheelchair-accessible dining surfaces and specifically complained of inadequate knee and toe clearance beneath dining surfaces. That matter settled over 4 years ago.

4. Despite that prior litigation placing Marco Polo Italian Ice Cream Inc. on notice that its dining surfaces must accommodate persons with physical disabilities, Plaintiff encountered the same access problem during his August 2026 visit: dining tables whose construction prevented the knee and toe clearance necessary for a person using a mobility device to pull beneath and use the table in the ordinary manner.

5. Plaintiff seeks removal of the barriers that denied him equal access, an injunction requiring compliance with applicable accessibility requirements, statutory damages available under California law, declaratory relief, and reasonable attorney's fees, litigation expenses, and costs.

**JURISDICTION AND VENUE**

6. This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.

8. Plaintiff's California-law claims arise from the same visit, accessibility barriers, acts, and omissions giving rise to the ADA claim. The Court therefore has supplemental jurisdiction over those claims.

9. Venue is proper in the Northern District of California because the Subject Facility is located in San Jose, California, and the events and omissions giving rise to Plaintiff's claims occurred within this District.

10. <u>Division Assignment</u>: The action is properly assigned to the San Jose Division because the Subject Facility is located in Santa Clara County and Plaintiff's claims arose there.

**PARTIES**

11. Plaintiff JAMES ALGER is an individual with a physical disability within the meaning of federal and California disability-access laws.

12. Plaintiff suffers from progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair or scooter for mobility. He lives in Porter Ranch, California.

13. On the visit giving rise to this action, Plaintiff was using his motorized scooter.

14. Defendant MARCO POLO ITALIAN ICE CREAM INC. ("Marco Polo Inc.") is, and at relevant times was, a California corporation that owns, operates, and/or leases Marco Polo Italian Ice Cream at 999 Story Road, Unit 9072, San Jose, California.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendant NHAN

NGUYEN DAO, D.D.S., INC. ("Property Defendant") owns, leases, and/or possesses an ownership interest in the real property on which the Subject Facility is situated and is responsible, in whole or in part, for ensuring accessibility of the premises.

20. Plaintiff is informed and believes that each Defendant participated in, authorized, controlled, maintained, permitted, or was otherwise legally responsible for one or more of the conditions alleged in this Complaint.

**FACTUAL ALLEGATIONS**

21. In August 2026, Plaintiff was staying at a hotel in San Jose.

22. During his stay, Plaintiff went to the Tesla Supercharger located at the Vietnam Town shopping center on Story Road to charge his vehicle.

23. Plaintiff did not travel to the shopping center for the prearranged purpose of visiting Marco Polo. Rather, he encountered Marco Polo while he was already at the shopping center charging his vehicle.

24. Plaintiff enjoys gelato. After seeing Marco Polo while at the shopping center, he decided to enter the establishment and purchase gelato.

25. Plaintiff was using his motorized mobility scooter that day.

26. Plaintiff entered Marco Polo and purchased gelato as an ordinary paying customer.

27. Marco Polo supplied indoor tables for customers who wished to sit while consuming the food and desserts purchased at the establishment.

28. The tables Plaintiff encountered, however, were not usable by him in a normal seated position while using his mobility scooter.

29. Each of the tables available to Plaintiff had a horizontal structural member, crossbar, shelf, or similar obstruction extending beneath the tabletop:




30. That obstruction occupied the area where Plaintiff's feet, legs, knees, and mobility device needed to be positioned in order for him to approach and use the dining surface.

31. Because of the obstruction, Plaintiff could not pull his scooter sufficiently underneath a table to face the dining surface and use it in substantially the same manner as a customer seated in an ordinary chair. The dining surfaces would likewise be inaccessible to Plaintiff had he been using his wheelchair that day.

32. Plaintiff attempted to make use of a table but could do so only by positioning himself awkwardly from the side and effectively straddling the table rather than pulling beneath it.

33. This improvised position was physically difficult and uncomfortable and did not provide Plaintiff with dining access comparable to that provided to patrons who did not use mobility devices.

34. Although Plaintiff was able to purchase gelato, the inaccessible tables prevented him from comfortably sitting and enjoying his purchase in the same way Marco Polo offered its dining facilities to other customers.

35. The barrier therefore affected more than Plaintiff's physical approach to a piece of furniture. It denied him equal use and enjoyment of an amenity Marco Polo affirmatively chose to provide as part of the customer experience.

36. The lack of usable knee and toe clearance directly relates to Plaintiff's mobility disability and his use of a mobility scooter or wheelchair.

37. Plaintiff personally encountered the barrier and experienced difficulty and discomfort because of it.

38. The dining-surface problem alleged here is not an accessibility subject of which Marco Polo Inc. could reasonably claim complete ignorance.

39. In March 2021, Marco Polo Inc. was named as the defendant in *Johnson v. Marco Polo Italian Ice Cream Inc.,* Case No. 5:21-cv-01824-SVK, filed in the United States District Court for the Northern District of California.

40. That lawsuit concerned this same Marco Polo business and alleged violations of the ADA and California disability-access law.

41. The allegation in *Johnson* was that Marco Polo provided dining surfaces to customers but failed to provide dining surfaces accessible to wheelchair users. More specifically, the *Johnson* complaint alleged inadequate knee or toe clearance beneath Marco Polo's dining surfaces for wheelchair users.

43. Thus, years before Plaintiff's August 2026 visit, Marco Polo Inc. had been expressly confronted through federal litigation with the need to provide dining surfaces that afford adequate clearance for customers who use wheelchairs.

44. Plaintiff alleges this prior litigation as evidence relevant to notice and knowledge. Notwithstanding that notice, Plaintiff encountered a dining-surface configuration in August 2026 that again obstructed the knee, leg, and foot space necessary for a customer using a wheelchair or mobility scooter.

45. On information and belief, Defendants knew or reasonably should have known of the need to ensure that dining surfaces made available to the public include accessible dining positions.

46. Plaintiff is informed and believes that the inaccessible dining-table condition remains uncorrected.

47. Providing an accessible dining surface can be accomplished without changing the fundamental nature of Marco Polo's business. Accessible commercial dining tables are readily available, and a compliant table can be provided, replaced, repositioned, or modified without substantial construction.

48. On information and belief, providing the required accessible dining surface is readily achievable and would involve minimal difficulty or expense relative to the benefit of providing equal dining access to customers with disabilities. The benefits of barrier removal thus are not outweighed by the costs.

49. If complete removal of a particular barrier were not readily achievable, Defendants nevertheless are required to consider readily achievable alternative methods of making their goods, services, facilities, privileges, and advantages available to customers with disabilities.

50. Plaintiff has substantial and continuing ties to the San Francisco Bay Area and travels to the Bay Area on a frequent and recurring basis. Plaintiff regularly visits the area for leisure, dining, shopping, entertainment, and other personal activities, and frequently stays at hotels in the Bay Area during those visits. His August 2026 visit was therefore not an isolated or one-time trip to the region.

51. Plaintiff expects and intends to continue traveling to the Bay Area in the future. When visiting the region, Plaintiff travels throughout the South Bay, including San Jose, and patronizes restaurants, shops, and other businesses located near the places where he stays and the routes he travels. Plaintiff anticipates staying at Bay Area hotels and visiting the San Jose area again during future trips.

52. Marco Polo is the type of establishment Plaintiff would patronize during those future visits. Plaintiff enjoys gelato and, when he encountered Marco Polo on August 2026, chose to enter the establishment and dine there. Because Plaintiff frequently returns to the Bay Area and intends to be in the San Jose area in the future, he has a genuine desire and intention to return to Marco Polo and patronize the business again if its dining facilities are made accessible to him.

53. Plaintiff is presently deterred from returning to Marco Polo because of the

inaccessible dining surfaces he personally encountered.

54. Plaintiff reasonably expects that, unless the barriers are removed, he will experience the same difficulty and unequal access upon a future visit. Once the subject premises are made accessible to persons using wheelchairs and mobility scooters, Plaintiff intends to return to dine there.

55. The barriers specifically identified in this Complaint are alleged without prejudice to Plaintiff identifying additional disability-related barriers revealed through a site inspection and discovery.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

**42 U.S.C. §§ 12101 et seq.**

**(Against All Defendants)**

56. Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff is an individual with a disability protected by the ADA and has physical impairments substantially limiting one or more major life activities, including walking.

58. Marco Polo is a restaurant and/or establishment serving food or drink and is therefore a place of public accommodation within the meaning of 42 U.S.C. § 12181(7)(B).

59. Defendants own, lease, lease to, and/or operate the Subject Facility within the meaning of 42 U.S.C. § 12182(a).

60. Title III prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation.

61. Defendants discriminated against Plaintiff by providing dining facilities to the public without providing Plaintiff an accessible dining surface usable with his mobility device as required by applicable accessibility standards.

62. Defendants’ conduct includes, as applicable, failure to remove architectural barriers

where removal is readily achievable; failure to construct and/or alter facility after January 26, 1993 so that it is readily accessible to persons with physical disabilities; failure to maintain required accessible features; failure to make reasonable modifications necessary to provide equal access; and/or failure to provide goods, services, facilities, privileges, advantages, and accommodations through readily achievable alternative methods.

63. Dining surfaces provided for the consumption of food and drink must include accessible dining surfaces in the number and configuration required by the applicable ADA Standards.

64. The dining surfaces Plaintiff encountered failed to provide the unobstructed knee and toe space necessary for him to pull beneath and use a dining surface while remaining in his mobility device.

65. Removal of this barrier is readily achievable. It can be accomplished through the provision, replacement, modification, and/or reconfiguration of dining furniture without fundamentally altering the nature of Defendants' business. Accessible tables are available for purchase for a few hundred dollars. The benefits of providing access are therefore not outweighed by the cost of barrier removal.

66. The prior *Johnson* litigation placed Marco Polo Inc. on express notice that the accessibility of its dining surfaces, including knee and toe clearance for wheelchair users, was subject to federal accessibility requirements.

67. Defendants’ acts and omissions denied Plaintiff full and equal enjoyment of the Subject Facility and caused him difficulty and discomfort.

68. Plaintiff remains deterred from returning while the barrier remains and intends to return once accessible dining facilities are provided.

69. Plaintiff is therefore entitled to injunctive relief and recovery of reasonable attorney’s fees, litigation expenses, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**Cal. Civ. Code §§ 51 et seq.**

**(Against All Defendants)**

70. Plaintiff incorporates paragraphs 1 through 69 as though fully set forth herein.

71. Marco Polo is a business establishment within the meaning of California Civil Code § 51.

72. The Unruh Civil Rights Act entitles persons with disabilities to full and equal accommodations, advantages, facilities, privileges, and services in business establishments.

73. Under California Civil Code § 51(f), a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act.

74. By maintaining and/or permitting dining surfaces that denied Plaintiff accessible use of the customer dining facilities, Defendants denied Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and services offered at Marco Polo.

75. Plaintiff personally encountered the inaccessible dining surfaces during his August 1, 2026 visit.

76. The violation caused Plaintiff actual difficulty and discomfort. Plaintiff was unable to use a table in a normal seated position and instead had to maneuver awkwardly from the side in an effort to use the dining surface.

77. Plaintiff's purchase of gelato did not eliminate the denial of access. Plaintiff was entitled to use the dining facilities associated with his purchase on an equal basis with other customers.

78. Each ADA violation alleged herein constitutes a violation of California Civil Code § 51(f).

79. Plaintiff seeks statutory damages as authorized by the Unruh Civil Rights Act together with attorney's fees and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**Cal. Civ. Code §§ 54 et seq.**

**(Against All Defendants)**

80. Plaintiff incorporates paragraphs 1 through 79 as though fully set forth herein.

81. Marco Polo is a public place, public accommodation, and/or place to which the general public is invited within the meaning of the California Disabled Persons Act ("DPA").

82. California Civil Code §§ 54 and 54.1 guarantee persons with disabilities the same right as members of the general public to full and free use of public places and full and equal access to accommodations, advantages, facilities, and privileges.

83. A violation of the ADA also constitutes a violation of the DPA pursuant to California Civil Code § 54.1(d).

84. Defendants violated Plaintiff's rights by failing to provide an accessible dining surface, failing to remove the known barrier to equal dining access, failing to maintain accessible features, and otherwise denying or interfering with Plaintiff's full and equal use of the Subject Facility.

85. Defendants' conduct caused Plaintiff difficulty and discomfort and interfered with his ability to use the dining facilities provided to other customers.

86. Plaintiff seeks all damages, attorney's fees, and costs available to him under the DPA according to proof.

87. Plaintiff does not seek duplicative recovery of statutory damages for the same injury under multiple California statutes.

WHEREFORE, Plaintiff requests relief as outlined below.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE §§ 19955 et seq.**

**(Against All Defendants)**

88. Plaintiff incorporates paragraphs 1 through 87 as though fully set forth herein.

89. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

90. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

91. On information and belief, portions of the subject premises or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the subject premises to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

92. Under the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the subject premises or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

93. On information and belief, at the time of the construction and modification of said

building(s), all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

94. The Subject Facility is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

95. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, as follows:

A. For a declaration that the conditions, acts, and omissions alleged herein violate Plaintiff's rights under the Americans with Disabilities Act and applicable California disability-access laws;

B. For injunctive relief under the ADA requiring Defendants to remove the accessibility barriers related to Plaintiff's disability at the Subject Facility and, specifically, to provide compliant dining surfaces with the required knee and toe clearance for wheelchair and mobility-scooter users;

C. For statutory and actual damages available under the Unruh Civil Rights Act and the California Disabled Persons Act, including the statutory minimum available for each qualifying occasion on which Plaintiff was denied full and equal access, according to proof;

D. For reasonable attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205, California Civil Code § 52, and all other applicable provisions of law (Note: Plaintiff does not seek attorney fees or any relief under California Civil Code § 55);

E. For pre-judgment and post-judgment interest to the extent permitted by law; and

F. For such other and further relief as the Court deems just and proper.

Dated: August 23, 2026

By: ____*/s/ Irakli Karbelashvili*_________
IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims and issues for which a jury trial is available.

Dated: August 23, 2026

By: ____*/s/ Irakli Karbelashvili*_________
IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff